[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTIVA'S MOTION FOR ATTORNEYS' FEES
Motiva Enterprises LLC ("Motiva") has moved for an award of attorney's fees in connection with its partially successful effort to require Wyatt Energy, Inc. ("Wyatt") to arbitrate rather than litigate its claims against Motiva. Wyatt asserts that the issue of counsel fees should be decided by arbitration, not by this court.*
The arbitration clause in the terminalling agreement between Wyatt and Motiva requires the parties to arbitrate "any controversy or claim . . . arising out of or related to the Agreement . . . or the breach or termination thereof. . . ." The contract provides at Section 14 of the Additional Terms and Conditions that a party who unsuccessfully opposes court proceedings to compel arbitration "shall pay all reasonable associated costs, expenses, and attorney's fees in connection with such court proceeding."
In essence, Motiva asserts that Wyatt breached the terminalling agreement by filing a lawsuit instead of submitting a demand for arbitration as it had obligated itself to do. Motiva also implicitly asserts that Wyatt breached the terminalling agreement by failing to pay Motiva's costs and attorney's fees from that court proceeding after Wyatt was ordered to arbitrate some of its claims. These breaches of obligations created by the agreement are claims that arise out of the Agreement.
Motiva argues that regardless of the words of the contract, it would be more efficient for this court, which decided which issues were required to be arbitrated and which were not, to determine the fees incurred by Motiva in the court proceeding. The standard for determining whether a claim is to be decided by arbitration is not, however, an assessment of the relative efficiency of the two possible fora, but rather an examination of the parties' agreement concerning resolution of disputes. The arbitration clause set forth above contains no exception for disputes that are ancillary to court proceedings, but rather requires "any" CT Page 1743 controversy or claim "related to the Agreement" to be arbitrated. The wording of the arbitration provision clearly extends to the dispute at issue. Even if this provision were seen as ambiguous as applied to the matter of attorney fees following a court proceeding, the law mandates application of the "positive assurance test." United Steelworkers ofAmerica v. Warrior Gulf Navigation Co., 363 U.S. 574, 582-83
(1960). Under this test, "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." White v. Kampner, 229 Conn. 465, 473
(1994).
Since the parties' agreement contains no exception for fee-shifting issues, and since the agreement's broad definition of arbitrable issues cited above cannot be said with positive assurance not to include the present dispute, Motiva's claim for attorney's fees must be decided by arbitration.
Motiva asserts that it should not be required to arbitrate its claim for attorneys' fees because there is no on-going arbitration. In fact, after this court ruled that some of Wyatt's claims were arbitrable (the ruling upon which Motiva bases its claim for attorneys' fees), Wyatt abandoned those claims, so that there is no pending arbitration in which the attorneys' fees could be sought. Nothing in the arbitration provision suggests that some disputes may be determined by the court if there is no arbitration in progress as to other disputes. Under the terms of the agreement, Motiva is required to arbitrate its claim for attorneys' fees whether or not other claims of breach are in fact being arbitrated.
Conclusion
Motiva's motion to have this court determine and award fees is denied, as the issue is one that must be submitted to arbitration pursuant to the terms of the terminalling agreement.
 ___________________________ Beverly J. Hodgson Date Judge of the Superior Court